PHILLIP A. TALBERT
United States Attorney
ALEXIS KLEIN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-182 JAM |
|---|---|
| Plaintiff, | |
| v. | STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY |
| MICHAEL ANTHONY BUTLER, JR., | |
| Defendant. | |

Pursuant to Fed. R. Crim. P. 16(d), 18 U.S.C. §§ 3509(d)(3) and 3771(a), the undersigned parties stipulate and agree, and respectfully request that the Court order that:

1.   This Order pertains to all discovery provided to or made available to defense counsel that contains the name of, or other potentially identifying information about, a minor victim or minor witness (hereafter, collectively known as "protected discovery").

2.   Defense counsel shall not disclose any of the protected discovery or its contents directly or indirectly to any person other than their respective defendant/client, potential witnesses that they are interviewing or preparing for trial, counsel for those witnesses, or anyone employed by defense counsel (such as attorneys, paralegals, secretaries, experts, investigators, and law clerks) in connection with the representation of the defendant in this criminal case.

3.   While the defendant is in custody, the defendant may view the protected discovery in the

STIPULATION AND PROTECTIVE ORDER      1

presence of defense counsel and/or a defense investigator, but may not retain a copy or otherwise disseminate the contents. If the defendant is released from custody, and requests a copy of his client file from defense counsel, the defendant may obtain a copy of the protected discovery, so long as defense counsel first redacts the victims' names, the names of any minor witnesses, and any other information that could be used to identify the victim or minor witnesses before providing him with the copy he requests. The defendant agrees not to disclose the protected discovery or its contents in accordance with 18 U.S.C. § 3509(d)(1).

4.  The protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose.

5.  In the event the defendant obtains habeas counsel, undersigned counsel may provide habeas counsel with a copy of the protected discovery after habeas counsel has been provided a copy of this Order. Habeas counsel shall also be held subject to this Order and must abide by its provisions concerning defense counsel.

6.  Defense counsel will store the protected discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement or 18 U.S.C. § 3509(d).

7.  If defense counsel makes, or causes to be made, any further copies of any of the protected discovery, defense counsel will ensure that the following notation is physically written or inscribed on each copy made, if the confidentiality of the documents is otherwise not already present on the copied file(s): "CONFIDENTIAL – May Not Be Disseminated Except in Accordance With Court Protective Order." For example, if defense counsel makes a copy of an audio or video file that falls within the protections of this Protective Order, she must physically mark the copy of that file with: "CONFIDENTIAL – May Not Be Disseminated Except in Accordance With Court Protective Order."

8.  If defense counsel releases custody of any of the protected discovery, or authorized copies thereof, to any person described in paragraph two, defense counsel shall first provide such recipients with copies of this Order. The parties agree that defense counsel, defense investigators and support staff shall not provide the protected discovery to the defendant or any other witness or copies of the protected discovery, except for the limited situations identified in this Order.

9. Defense counsel shall advise the government counsel of any subpoenas, document requests or claims for access to the protected discovery by third parties if defense counsel is considering disseminating any of the protected discovery to a third party in order that the government may take action to resists or comply with such demands as it may deem appropriate.

10. Defense counsel shall be responsible for advising the defendant, or her client, her employees and other members of the defense team, and defense witnesses of the contents of this Order. Defense counsel shall not provide or make available to any person described in paragraph two the protected discovery until that individual has been provided a copy of this Order by defense counsel.

11. The parties agree to abide by 18 U.S.C. § 3509(d)(2) with regard to court filings.

12. If it becomes necessary to refer to a victim or child witness during any public court proceeding or in a public court filing, the parties shall use agreed upon pseudonyms of "Minor A" or "Witness 1," *et seq.* The parties' stipulation does not address the issue of how minor victims will be identified at trial. The parties agree that that issue will be decided by the assigned District Judge.

13. Nothing in this Order shall preclude a party from seeking a more restrictive protective order or other court order with regard to particular discovery items.

Respectfully Submitted,

PHILLIP A. TALBERT
United States Attorney

Dated: July 1, 2024         By: /s/ ALEXIS KLEIN
                                ALEXIS KLEIN
                                Assistant United States Attorney


Dated: July 11, 2024        By: /s/ PHILIP COZENS
                                PHILIP COZENS
                                Attorney for Defendant Michael Butler

///
///
///
///

STIPULATION AND PROTECTIVE ORDER      3

By agreement of the parties, and good cause appearing, IT IS SO ORDERED.

Dated: July 11, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE