UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:20-cr-000182-DJC-1 |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL ANTHONY BUTLER, | |
| Defendant. | |

Like many criminal defendants in this district who are represented by CJA panel attorneys, Defendant Michael Anthony Butler filed a Motion to Dismiss based on an alleged violation of Defendant's Sixth Amendment Rights.  Due to the United States Government's failure to provide adequate funding to pay CJA-appointed counsel and the lapse in funding that resulted in a government shutdown, CJA panel attorneys, including Defendant's Counsel, have not received compensation for their representation since July 2025.  Addressing this issue in two other cases, the Court found the following:

> [T]he months-long failure to provide funding for a defense violates the Sixth Amendment constitutional right to counsel. The Court concludes that the right to counsel is violated whenever counsel is denied payment or access to compensated investigative resources for a significant period.

*United States v. Evanovich*, 2:24-cr-00079-DJC-1, 2025 WL 3208308, at *4 (E.D. Cal. Nov. 17, 2025); *United States v. Salanoa*, 2:25-cr-00063-DJC-1, 2025 WL 3208520, at *4 (E.D. Cal. Nov. 17, 2025).

The Court finds this conclusion is also appropriate here on the same basis described in the Court's orders in *Evanovich* and *Salanoa*.  Defendant's Sixth Amendment right to counsel was violated by the months-long failure to provide adequate funding for Defendant's Counsel.  Defendant was prejudiced by that failure as it impeded CJA-appointed counsels' ability to perform vital pre-trial defense tasks.  The passage of the continuing resolution does not render Defendant's Motion moot.  Regardless of whether CJA Counsel are now receiving funding, Defendant's Sixth Amendment rights were violated by the prior failure to provide funding, that violation has ongoing effects on Defendant's representation, and that violation and its effects necessitate a remedy.

As in *Evanovich* and *Salanoa*, the Court concludes that in light of the continuing resolution that has since been signed into law, dismissal is no longer an appropriate remedy.  Instead, the least intrusive available remedial action is for the Court to grant Defendant whatever continuance Counsel needs to provide Defendant with adequate representation.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 151) is GRANTED IN PART and DENIED IN PART.  Counsel for Defendant shall be granted whatever continuances Counsel requires to fulfill her obligations to the Defendant, consistent with the Sixth Amendment to the Constitution.  The Court denies Defendants request for temporary release under 18 U.S.C. § 3142(i) without prejudice to refiling in a properly noticed motion before the Magistrate Judge.

IT IS SO ORDERED.

Dated:  **November 20, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE