UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:20-cr-00182 DJC |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL ANTHONY BUTLER, JR., | |
| Defendant. | |

On December 15, 2025, the Court heard Defendant Michael Anthony Butler, Jr.'s motion for bail review (ECF No. 144) and motion for temporary release pursuant to 18 U.S.C. § 3142(i) (ECF No. 163).  The government opposed both motions.  ECF Nos. 146 & 164.  At the hearing, the Court denied the motion for bail review due to the absence of new, material information that would warrant reopening of the substantive Bail Review Act analysis.  ECF No. 166.  The Court also took the motion for temporary release under submission, pending the submission of a transcript of a November 20, 2025 hearing before District Judge Calabretta.  *Id*.  Defendant filed that transcript on December 18, 2025.[1]  ECF No. 167.  The Court now denies Defendant's motion for temporary release.

The background to Defendant's motion is the lapse in Criminal Justice Act ("CJA")

---

[1]  The transcript makes clear that Judge Calabretta did seek to preclude a magistrate judge from evaluating whether a Sixth Amendment remedy would be warranted under § 3142(i).

1

funding from July to November 2025.  Based on that lapse in funding, on November 21, 2025, Judge Calabretta found a violation of Defendant's Sixth Amendment rights.  As a remedy, Judge Calabretta granted "whatever continuances Counsel requires to fulfill her obligations to the Defendant, consistent with the Sixth Amendment to the Constitution."  ECF No. 162 at 2.  Judge Calabretta also denied Defendant's request for temporary release without prejudice to Defendant refiling that request before the undersigned.

Section 3142(i) "permit(s) the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  Defendant argues that temporary release is necessary "to permit adequate preparation for his trial," and that a Sixth Amendment violation is a "compelling reason" for temporary release.  ECF No. 163 at 2-5.  The government opposes Defendant's request because "the lapse in CJA funding is over" and "defense counsel has been restored all resources she needs to continue the effective representation of her client."  ECF No. 164 at 3.

On the current record, there is no basis to order temporary release under § 3142(i) for purposes of trial preparation.  No trial date has been set.  Judge Calabretta has already granted additional continuances as a remedy for the Sixth Amendment violation caused by the lapse in CJA funding.  ECF No. 162.  There is accordingly no substance to defense counsel's assertion that she faces a "compressed time before trial while the defendant remains in custody."  ECF No. 162 at 3.  While Mr. Butler's detention at the Nevada County Jail undoubtedly presents logistical challenges for defense counsel, those challenges are not the result of the lapse in CJA funding.

Defendant also argues that temporary release is warranted because "remedying a constitutional violation" constitutes a "compelling reason" for temporary release under § 3142(i).  ECF No. 163 at 4-5.  The Court is not completely unsympathetic to this argument.  Defendant's pre-trial custody, which began on October 8, 2020, has now lasted more than five years.  On its face, this is a shockingly long period of pre-trial custody.  While some of that pre-trial custody may be attributable to Defendant repeatedly requesting and obtaining new counsel, it is fair to say that approximately five months of that pre-trial custody is attributable to the lapse in CJA

funding, when, as Judge Calabretta recognized, Defendant's Sixth Amendment rights were violated.[2]  However, the Court is not aware of any case to utilize § 3142(i) to remedy a past Sixth Amendment violation.[3]  Nor has Defendant explained how the § 3142(i) compelling reasons prong can be read to encompass such a backward-looking remedy, as opposed to an ongoing problem.  *See, e.g., United States v. Garcha,* 445 F.Supp.3d 93, 97 (N.D. Cal. 2020) ("A serious health issue or medical condition may constitute a compelling reason for temporary release under this provision.").

For the foregoing reasons, Defendant's request for temporary release (ECF No. 163) is DENIED.

IT IS SO ORDERED.

DATED: February 3, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

[2]  To the extent Defendant's complaint is that the government has unduly prolonged his pre-trial detention through the lapse in CJA funding, that issue may implicate substantive due process.  *But see United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021) ("Torres does not dispute that the *prosecution* bears no responsibility for the delay in his case.  The first two continuances were stipulated to for the benefit of Torres's counsel to adequately prepare his case and the remainder of the continuances were a direct result of the COVID-19 pandemic.") (emphasis added).

[3] Defendant cites multiple cases where judges have refused to grant temporary release on account of a Sixth Amendment violation caused by the lapse in CJA funding.  *See United States v. Evanovich*, No. 2:24-cr-00079-DJC (E.D. Cal. Dec. 18, 2025) (affirming magistrate judge decision denying temporary release); *United States v. Colindrez-Erazo*, No. 2:24-cr-00096-DAD, 2025 WL 3292428 (E.D. Cal. Nov. 26, 2025).